IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY PICKETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-184-KFP |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

The Commissioner has filed an Unopposed Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g). Doc. 24. Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A district court may remand a case to the Commissioner for a rehearing if the court finds "the decision is not supported by substantial evidence [or the Commissioner or ALJ] incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996). The parties in this case consented to entry of final judgment by the United States Magistrate Judge under 28 U.S.C. § 636(c). Docs. 26, 27.

Upon consideration of Defendant's motion, the Court finds reversal and remand necessary. The Commissioner concedes that remand is necessary for the ALJ to reevaluate the evidence of record and requests that, on remand, the Appeals Council instruct the ALJ

to (1) obtain supplemental vocational expert testimony; (2) identify and resolve any conflicts between the occupational evidence provided by the vocational expert and the information in the Dictionary of Occupational Titles; (3) offer Plaintiff an opportunity for a hearing; (4) take any further action to complete the administrative record; and (5) issue a new decision. Doc. 24; Doc. 25 at 1.

Accordingly, it is ORDERED that the Commissioner's motion (Doc. 24) is GRANTED and that the decision of the Commissioner is REVERSED and REMANDED for further proceedings under 42 U.S.C. § 405(g) consistent with the Commissioner's motion.

It is further ORDERED, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006), that Plaintiff has **90 days** after receipt of notice of an award of past due benefits to seek attorney's fees under 42 U.S.C. § 406(b). *See also Blitch v. Astrue*, 261 F. App'x 241, 242 n.1 (11th Cir. 2008).

A separate judgment will issue.

DONE this 1st day of February, 2022.

    /s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE